# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**IN RE:**
**JAMES LOGAN McMILLIN,**  Bk Case No: 8:05-bk-27381-KRM
  Adversary No: 8:07-ap-448-KRM
    Debtor.
_____/

**ANGELA STATHOPOULOS**

    Plaintiff/Appellant,

v.  Case No. 8:10-cv-1036-T-JSM

**DAN ALFORD,**

    Defendant/Appellee.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff/Appellant's Motion for Rehearing (Dkt. 30) and Appellee's Response in Opposition (Dkt. 35). The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion for rehearing must be denied.

Appellant's motion argues two issues: (1) the Court should have avoided the transfer of the $280,000 by the Debtor/VT to SEG under 11 U.S.C. §548(a)(1)(A), or Fla. Stat. §726.105, with appropriate and corresponding findings as to Alford under 11 U.S.C. §550, because neither of these statutory provisions require a finding of "insolvency"; or (2) the Court should have determined that the transfer of the Ball Ground property by SEG to Alford

post-petition should have been avoided as an unauthorized post-petition transfer under 11 U.S.C. 549, with corresponding recovery against Alford under §550.

Even if the Court were to find that Appellant meets the motion for rehearing standard,[1] which she has not, Appellant's arguments fail on their merits for a fundamental reason: the Bankruptcy Court found that neither the Debtor nor VT had an equitable interest in the Ball Ground Property at the time of the bankruptcy petition's filing. And the Court affirmed this finding because it concluded that the Bankruptcy Court's finding on this issue was not clearly erroneous.

"An elementary rule of bankruptcy ... is that the [bankruptcy] trustee succeeds only to the title and rights in the property that the debtor possessed." *In re Raborn*, 470 F.3d 1319, 1323 (11th Cir. 2006). Although the Court reversed the Bankruptcy Court on the issue of the Debtor's control of the $280,000, this money was no longer in the possession of the Debtor at the time of his bankruptcy filing in October 2005. And there was insufficient evidence to establish that when the bankruptcy petition was filed, VT/the Debtor possessed any kind of legal or equitable interest in the Ball Ground property. Importantly, Section 549 applies only to transfers of property of the estate. The Bankruptcy Court did void the $280,000 transfer to SEG.

---

[1] Under the Federal Rules of Civil Procedure, there are three grounds that justify reconsideration of a prior order: (1) an intervening change in the prior law; (2) availability of new evidence; and (3) need to correct clear and manifest injustice. *In re Envirocon Int'l Corp.*, 218 B.R. 978, 979 (M.D. Fla. 1998). Here, Appellant has not raised any of these three grounds to grant reconsideration. Indeed, it appears that Appellant is merely relitigating what has already been determined as lacking by the Bankruptcy Court and this Court.

Finally, an avoidance of the transfer of the $280,000 from VT/the Debtor to SEG pre-petition does not necessarily avoid the transfer of the Ball Ground Property from SEG to Alford post-petition under Section 550 as Appellant seems to suggest. Again, the Ball Ground Property was never property of the estate. Also, Appellant did not establish the existence of a creditor defrauded by the transfer of the money in December 2004, which is an element of the "actual fraud" cause of action under Section 548 and Fla. Stat. §726.105(1)(a). Any fraudulent intent on the part of the Debtor does not automatically transfer to Alford. As Appellee points out, the Bankruptcy Court did not find that Alford's 2006 acquisition of the Ball Ground Property was fraudulent or that the $280,000 transfer from VT/the Debtor to SEG gave rise to an estate interest in the Ball Ground Property. As the Court pointed out in its Order, although it may have concluded otherwise, the Bankruptcy Court's finding on this issue was not clearly erroneous.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff/Appellant's Motion for Rehearing (Dkt. 30) is hereby DENIED.

2. This case shall remain closed and any pending motions should be terminated as moot.

**DONE** and **ORDERED** in Tampa, Florida on April 6, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-1036.mtrehearingDkt.30.frm